IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DUANE M. MATHIS,

    **Plaintiff,**

v.

    Case No. 2:14-cv-2555
    **CHIEF JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge Elizabeth P. Deavers

R. ARTURO ROA, M.D., *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Dr. R. Arturo Roa ("Defendant Roa") and Defendant Holzer Clinic, LLC's ("Defendant Holzer") Motion in Limine (ECF No. 61), and Plaintiff Duane M. Mathis's ("Plaintiff") Opposition (ECF No. 64). Defendants seek to exclude two statements made by Shelley Mathis's treating physicians, Dr. Ferguson and Dr. Marsh, as hearsay. (Defs.' Mot. in Limine, ECF No. 61). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion in Limine. (ECF No. 61).

On or around Ms. Mathis's January 24, 2014 office visit, Dr. Ferguson and Dr. Marsh made statements regarding the cause of Ms. Mathis's encephalocele. (Defs.' Mot. in Limine at 2).[1] In his statement, Dr. Ferguson suggested the encephalocele seen in Ms. Mathis's MRA and CT scan "was likely suffered from a frontal sinus surgery done in the remote past." (*Id.*). Dr. Mash drew a similar conclusion in his own statement, indicating that Dr. Roa "put a hole" in Ms. Mathis's head. (*Id.*).

---

[1] All references to page numbers in the parties' briefs refer to those numbers generated by the Court's electronic filing system.

Although Dr. Marsh and Dr. Ferguson assumed the encephalocele was caused by Defendant Roa's sinus surgery, a CT scan taken 30 days before the surgery indicates that Ms. Mathis had an encephalocele prior to the procedure. (*Id.*). Accordingly, Defendants argue the statements at issue should be excluded as inaccurate medical opinions. (*Id.* at 3). Defendants further argue that under Ohio Evidence Rule 803(6), medical opinions and diagnoses are not considered exceptions to the hearsay rule. (*Id.*). Defendants cite numerous Ohio cases in support of their contention. (*Id.*).

The Court will first consider whether the Federal Rules of Evidence apply in the instant action. In *Erie r. Co. v. Tompkins*, 304 U.S. 64 (1938), the Supreme Court held that state law controls the substantive law in federal actions, while federal law controls procedural matters. Evidentiary rules are procedural. *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002). Citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4512 (2d ed. 1996). Consequently, "the Federal Rules of Evidence, rather than state evidentiary laws are held to apply in federal diversity proceedings." *Legg*, 286 F.3d at 289. Citing *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000); *Grossheim v. Freightliner Corp.*, 974 F.2d 745, 754 (6th Cir. 1992); *Laney v. Celotex Corp.*, 901 F.2d 1319, 1320 (6th Cir. 1990).

Although the Sixth Circuit has found exceptions to this general rule where state evidentiary rules contain substantive aspects (*see Legg*, 286 F.3d at 290), hearsay is a procedural safeguard "grounded in the notion that untrustworthy evidence should not be presented to the triers of fact." *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973). Defendants' motion is therefore governed by the Federal Rules of Evidence, not the Ohio Rules of Evidence. As Plaintiff accurately states, Federal Rule of Evidence 803 provides, in relevant part:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

(4) **Statement Made for Medical Diagnosis or Treatment.** A statement that:

(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and

(B) describes medical history; past or present symptoms or sensations; their inception; or their general cause.

(6) **Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by—or from information transmitted by someone with knowledge;

(B) the record was kept in the course of a regularly conduct activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method of circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(4), 803(6).

Dr. Ferguson and Dr. Marsh's statements were made for the purpose of describing the inception or general cause of Ms. Mathis's encephalocele, falling within the Rule 803(4) hearsay exception. Defendants' argument regarding the inaccuracy of Dr. Ferguson and Dr. Marsh's statements is irrelevant. There is no indication that Congress intended to limit the Rule 803(4) hearsay exception to accurate medical diagnoses. In addition, the medical records which contain Dr. Ferguson and Dr. Marsh's statements constitute "records of a regularly conducted activity" within the meaning of Rule 803(6). The records were made during or close in time to Ms. Mathis's

3

January 2014 office visit. Doctors regularly conduct office visits, and doctors are in the regular practice of recording statements from these visits in their patient medical records.

However, under Rule 803(6)(D), records of regularly conducted activity must be accompanied by the testimony of the custodian or another qualified witness. As reflected in his witness list, Plaintiff intends to call Dr. Marsh to testify at trial. (ECF No. 55). Neither party intends to call Dr. Ferguson. (ECF No. 55; ECF No. 57). Accordingly, only Dr. Marsh will be subject to cross-examination regarding the statements contained in his patient records as required by Rule 803(6)(D). Therefore, only Dr. Marsh's statement is admissible hearsay under the Federal Rules of Evidence.

For the reasons set forth above, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion in Limine (ECF No. 61). Dr. Marsh's statement is admissible hearsay. Dr. Ferguson's statement is barred by the hearsay rule. As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from those which have been presented in the pre-trial motions and memoranda.

**IT IS SO ORDERED.**

10-17-2018
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

4